UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21383

JOHNNY E. POOLE,
For himself and others similarly situated,

    Plaintiff(s),

vs.

NOMI HEALTH, INC. and
MEDX STAFFING, INC.,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
## FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Johnny E. Poole, for himself and others similarly situated, through his undersigned counsel and sues Defendants, NoMi Health, Inc. and Medx Staffing, Inc., for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Johnny E. Poole**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, NoMi Health, Inc. ("NoMi Health")**, is a foreign for-profit corporation that is authorized to conduct its business in Florida and is *sui juris*. NoMi Health has

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

6. **Defendant, Medx Staffing, Inc. ("Medx")**, is a foreign for-profit corporation that is authorized to conduct its business in Florida and is *sui juris*. Medx has conducted its medical staffing service business in multiple locations, including in this District, at all times material.

7. Defendants worked together for purposes of jointly employing Plaintiff and the others similarly situated.

8. NoMi Health utilized Medx to find, hire, and pay a common workforce so that NoMi Health could thereafter directly control the daily activities of the workforce that included Plaintiff and the others similarly situated.

9. Defendants were Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203 (d).

10. Defendants jointly employed Plaintiff and the Collective.

11. Both Medx and NoMi Health would conduct trainings and establish policies and procedures applicable to Plaintiff and the Collective.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

13. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

2

## *FLSA Jurisdictional Allegations*

14. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

15. Defendant, NoMi Health, engaged in interstate commerce in its performance of healthcare and healthcare-related services, including in COVID-19 testing and treatment sites in Florida, Hawaii, Iowa, Kentucky, and other states at all times material to this case. (*See* https://nomihealth.com/covid-test-locations/.)

16. Defendant, NoMi Health, engaged in interstate commerce through its use of motor vehicles, electronic tablets, syringes, COVID-19 test, COVID-19 vaccines, COVID-19 treatments, and other medical supplies that were manufactured and/or assembled outside of the State of Florida, at all times material to this action.

17. Defendant, Medx, engaged in interstate commerce through its provision of staffing services in locations in different states, including in Florida, as well as paying personnel working in Florida and in other states.

18. Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

19. Defendants utilized computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

20. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000 for each relevant fiscal quarter.

### *Collective Action Allegations*

21. Since March of 2020, Defendants employed more than 20 hourly workers in Florida.

22. Defendants required their hourly employees to clock in and out of work.

23. Defendants also required that the hourly workers who were hired by Medx to work for NoMi Health to clock in and out of work each day.

24. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated individuals who are part of the following class:

> All persons who were by hired by, contracted by, employed by, and/or engaged by Medx Staffing Solutions, Inc. to work for NoMi Health, Inc. in Miami-Dade, Broward, and/or Palm Beach Counties, as a "warehouse worker", "driver", "operations support" and/or in any substantially similar titled position, and who were paid on an hourly basis at any time during the three years prior and up through the filing of this Complaint.

25. These individuals are referred to as the "Collective".

26. The Collective includes the "warehouse workers", "drivers", "operations support" and other similarly titled persons who were hired, contracted, employed, and/or engaged by Medx Staffing, Inc., and who worked or performed services for and at the direction of NoMi Health, Inc., during the past three years, who were not paid overtime wage for all hours worked beyond 40 during a workweek, and who were subject to the same pay practices as Plaintiff.

27. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class Defendants' other similarly situated delivery driver-employees.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

28. Defendant, Medx agreed to pay Plaintiff and the Collective an hourly rate of pay, and then provided this workforce to be directed and controlled in their daily work by NoMi Health.

29. The Collective were subject to the payroll practices and procedures of Defendants.

30. The members of the Collective are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

31. The similarly situated employees are known to Defendants and can be located through Defendants' records.

32. Notice should be sent to the collective pursuant to 29 U.S.C. §216(b).

33. Collective Action treatment of Plaintiff's FLSA claim is appropriate because he and the FLSA Class were subjected to the common business practices referenced in this Count, and the success of his FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failing to properly compensate the FLSA Class Members at or above the FLSA minimum wage rate for all hours worked.

### *Allegations Concerning The Work*

34. Plaintiff worked for Defendants from September 19, 2021, to March 10, 2022.

35. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and those of the Collective, such records are in the exclusive custody of Defendants.

36. Plaintiff's work for Defendants, and the work by the Collective, was in or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

5

37. Plaintiff and the Collective transported tents and other items designated by and for Defendants that originated from locations outside of the State of Florida for local destinations in vehicles weighing less than 10,000lbs.

38. Defendants required Plaintiff and the Collective to set up and take down the temporary testing facilities (tents).

39. Defendants also required Plaintiff and the Collective to also perform such additional tasks as data entry at the COVID-19 testing and vaccination sites after setting up the tents and before taking them down and returning them to the locations designated by NoMi Health, as well as performing additional operational support duties.

40. Plaintiff and the Collective utilized the tools, materials, and supplies provided to him by NoMi Health.

41. Plaintiff and the Collective also regularly and routinely transmitted electronic information outside of the State of Florida from the COVID-19 testing and vaccination sites using wireless handheld devices and an application called Lightspeed, such that he regularly and routinely engaged in interstate commerce.

### *Liability Allegations*

42. Defendant, Medx, contracted to pay Plaintiff at a rate of $19.00 per hour for each hour that he worked and contracted to pay members of the Collective an hourly rate of pay.

43. Defendant, Medx, assigned Plaintiff and the Collective to perform work for and at the direction of Defendant, NoMi Health.

44. Plaintiff and the Collective regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

45. Defendants paid Plaintiff at his regular hourly rate of pay of $19.00 per hour for each hour worked, and they paid the Collective their hourly rate(s) of pay for each hour worked.

46. Defendants' failure to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate of pay for all the hours worked beyond 40 hours in a workweek violated the FLSA.

47. Defendants engaged in a practice of willfully and intentionally refusing to pay Plaintiff and the Collective overtime wages of one and one-half time their regular hourly rate(s) of pay for all the hours that they worked beyond 40 hours in a workweek during the relevant time period.

48. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff and the Collective overtime wages of one and one-half time their regular hourly rate(s) of pay violated the FLSA and then failed to timely correct their violation.

49. Plaintiff and each member of the Collective is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

50. All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

51. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Johnny E. Poole, for himself and others similarly situated, demands the entry of a judgment in his/their favor and in favor and against Defendants, NoMi Health, Inc. and Medx Staffing, Inc., jointly and severally, after trial by jury, and as follows:

    a. Designating this action as a collective action by Johnny E. Poole on behalf of the Collective he represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

    members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b.    Designating Plaintiff as the representative for the Collective;

c.    Designating the undersigned as counsel for the Collective;

d.    Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

e.    Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f.    Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g.    Awarding pre-judgment and post-judgment interest as provided by law;

h.    Awarding reasonable attorneys' fees and costs;

i.    Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA; and

j.    Awarding such other and further relief that this Court deems appropriate.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Johnny E. Poole, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of May 2022,

                                                s/Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq.
                                                Fla. Bar No. 174742
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue
                                                Suite 770
                                                Coral Gables, FL 33146
                                                Tel:    305.230.4884
                                                *Counsel for Plaintiff*

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*