UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21383-WILLIAMS/McALILEY

JOHNNY POOLE,

    Plaintiff,

vs.

NOMI HEALTH, INC. AND
MEDX STAFFING INC.,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Johnny Poole, and Defendants, NoMi Health, Inc. and Medx Staffing Inc. ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which will be submitted to this Court by email. The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff, Johnny Poole, will receive $4,500.00 that he alleges he is owed in overtime, $6,500.00 for his allegation of FLSA retaliation that he intended to amend the Complaint to include, and $1,000.00 as consideration for the additional, non-FLSA terms in the agreement. This amounts to a total of $12,000.00 for Mr. Poole.

Opt-in plaintiff, Adrian Moore, who consented to join this lawsuit after it was filed, will receive $4,000.00 for his allegation of being owed overtime wages under the FLSA, and $1,000.00 in consideration for the additional, non-FLSA terms in the Settlement Agreement. This amounts to a total of $5,000.00 for Mr. Moore. Plaintiff's counsel will receive the total amount of $15,000.00, which amount is slightly less than the fees and costs that were billed in this case to date.

The Defendants dispute Mr. Moore and Mr. Poole's claims for overtime, and Mr. Poole's separate claim for FLSA retaliation. The main issues centered around whether the plaintiffs were independent contractors or employees as defined by the FLSA; if Mr. Moore and Mr. Poole were employees, whether Nomi qualified as their joint employer under the FLSA; and whether Mr. Poole had a valid claim of retaliation under the FLSA, including with respect to whether he engaged in protected activity or could establish but-for causation and whether MedX had legitimate, non-retaliatory, and non-pretextual reasons for terminating his contract. Both parties presented cogent arguments through extensive cordial discussion, after a settlement conference facilitated by the presiding Magistrate Judge, and agreed it was best to resolve the case before incurring more fees and costs in protracted litigation on the issues.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiffs could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged pay records and various relevant employment documents, which they independently analyzed. Based on this analysis, the parties decided to resolve this matter.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be entitled to any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue. As noted above, the Plaintiffs' claims involve a multitude of legal issues, including on independent contractor, joint employment, and (for Mr. Poole) retaliation-related issues, for which the ultimate resolution was highly fact-dependent. The parties, while represented by counsel, determined that their agreement reflects an appropriate balance of the merits-based risks and litigation-based costs that presented to each party from continued litigation, against the benefit of certainty that a settlement provides.

**(5)** *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the potential validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the parties agree that the proposed settlement reached by the parties represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA

action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 19th day of August 2022.

| FAIRLAW FIRM | SEYFARTH SHAW LLP |
|---|---|
| */s/Toussaint Cummings* | */s /Andrew M. McKinley* |
| Toussaint Cummings | Andrew M. McKinley |
| Florida Bar No. 119877 | Florida Bar No. 122069 |
| Brian H. Pollock | 1075 Peachtree Street, N.E., Suite 2500 |
| Florida Bar No. 174742 | Atlanta, GA 30309-3958 |
| 135 San Lorenzo Avenue, Suite 770 | Telephone: (404) 885-1500 |
| Coral Gables, FL 33146 | Facsimile: (404) 892-7056 |
| Telephone: (305) 230-4884 | amckinley@seyfarth.com |
| toussaint@fairlawattorney.com | |
| brian@fairlawattorney.com | *Counsel for Defendants Nomi Health, Inc. and MedX Staffing, Inc.* |
| *Counsel for Plaintiff Johnny E. Poole* | |