UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-21383-MCALILEY
[CONSENT CASE]

JOHNNY POOLE,

    Plaintiff,

v.

NOMI HEALTH, INC., *et al.*,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

    This is an action asserting claims under the Fair Labor Standards Act ("FLSA"). I presided over the parties' settlement conference, after which they reached a full settlement of this action. (ECF Nos. 26, 34). The parties have now filed a Joint Motion to Approve Settlement and Dismissal with Prejudice. (ECF No. 36).

    The FLSA requires the Court to determine whether the parties' compromise is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In making this determination courts may consider factors, such as: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citations omitted). In addition to conducting a fairness analysis of the

amount paid to compromise Plaintiffs' FLSA claims, the Court must also evaluate the reasonableness of any attorneys' fees included in a FLSA settlement. *Vazquez v. 1052 LLC*, Case No. 15-22677-Civ-Cooke/Torres, 2016 WL 541432, at *1 (S.D. Fla. Feb. 11, 2016) (citation omitted).

I have carefully reviewed the parties' written Settlement Agreement. Having presided over the parties' settlement conference, I have insight into the strengths and weaknesses of Plaintiffs' FLSA claims and Defendants' defenses thereto, and am familiar with the amount of legal services that Plaintiffs' counsel provided. I have considered this information in light of the fairness factors identified above and I conclude that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over Plaintiffs' FLSA claims. I further conclude that the amount designated in the Settlement Agreement for attorney's fees and costs is reasonable.

Accordingly, the Court hereby **ORDERS** that the Joint Motion to Approve Settlement, (ECF No. 36), is **GRANTED**, the parties' Settlement Agreement is **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction through **September 26, 2022**, to enforce the Settlement Agreement. The Clerk of Court is directed to **CLOSE** this case.

DONE AND ORDERED in Miami, Florida, this 25th day of August 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record